IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TROY R. HAMMOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-4304-CV-C-GAF-SSA |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Troy R. Hammond filed an application seeking disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et seq*. Plaintiff's application was denied after initial administrative review. On June 14, 2004, following a hearing, an administrative law judge ("ALJ") rendered a decision in which he found that plaintiff was not under a "disability" as defined in Title II at any time through the date of the decision.

On July 25, 2005, after considering new evidence, the Appeals Council denied plaintiff's request for further administrative review. Although the Court reviews the decision of the ALJ, that decision is reviewed with "[t]he newly submitted evidence becom[ing] part of the 'administrative record,' even though the evidence was not originally included in the ALJ's record." *Cunningham v. Apfel*, 222 F.3d 496, 499 (8th Cir. 2000).

For entitlement to benefits, a claimant must show that he is unable to engage in any substantial gainful activity by reason of a medically determinable impairment which can be expected to end in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. §§ 416(I), 423(d). The Commissioner's regulations governing determinations of disability set forth a five-step sequential evaluation process which the Commissioner must use in assessing disability claims. 20 C.F.R. § 404.1520. If, at any step in the process, the Commissioner determines that the claimant is disabled or not disabled, the sequential evaluation ends. 20 C.F.R. § 404.1520. As required by the Act, the ultimate burden of persuasion to prove disability remains with the claimant through all five steps of the sequential evaluation process. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1520. *See also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5 (1987); *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000); 20 C.F.R. § 404.1512 ("you have to prove to us that you are blind or disabled").

The Court's review of the Commissioner's decision is limited to a determination of whether the decision is supported by substantial evidence on the record as a whole. *Burnside v. Apfel*, 223 F.3d 840, 843 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support the Commissioner's conclusion. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001). Evidence that both supports and detracts from the Commissioner's decision should be considered, and an administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion. *Id.* If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the Court must affirm the decision of the Commissioner. *Young*, 221 F.3d at 1068 (*citations omitted*). The Eighth Circuit has stated that the

2

reviewing courts should defer "heavily to the findings and conclusions of the SSA." *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).[1]

Plaintiff argues that the ALJ erred in his evaluation of the medical opinion evidence, particularly the opinions of Armando Favazza, M.D., Ann Genovese, M.D., and Lois Marston, M.Ed. It is the responsibility of the Commissioner to determine whether a claimant is disabled, and in doing so, the opinion of any particular doctor that a claimant is disabled is not determinative. 20 C.F.R. § 404.1516. Generally, of course, a treating physician's opinion is entitled to substantial weight; however, such an opinion is not conclusive in determining disability status, and the opinion must be supported by medically acceptable clinical or diagnostic data. *Davis v. Shalala*, 31 F.3d 753, 756 (8th Cir. 1994). A treating physician's opinion which is inconsistent with, or contradicted by, other evidence in the record may be properly discounted. *Weber v. Apfel*, 164 F.3d 431, 432 (8th Cir. 1999).

Plaintiff argues that the ALJ should have afforded more weight to the opinion of Dr. Favazza. The ALJ determined that Dr. Favazza's opinion that plaintiff was unable to work was unsupported by his own treatment notes, appeared to be based solely on plaintiff's subjective complaints, and was contradicted by the record as a whole. The record reflects that while Dr. Favazza is a treating physician, he treated plaintiff only five times in the nine months immediately preceding the date he issued his opinion and had only two isolated visits with plaintiff approximately two and one-half years before he issued his opinion. *Compare* 20 C.F.R. § 404.1527 (duration and intensity of the treating relationship, the type of treatment provided, and types and extent of examinations and testing are

---

[1] Upon review of the record and applicable authority herein, the Commissioner's position is found to be controlling. Much of the Commissioner's brief is adopted without quotation noted.

3

relevant to weight of doctor's opinion). Additionally, the record shows that, as the ALJ found, Dr. Favazza did not administer any testing or mention any observable clinical signs that supported his assessment, which shows that the treating relationship was not of the intensity contemplated by the regulations and that Dr. Favazza relied entirely upon plaintiff's subjective complaints in formulating his opinion.

The opinion of a physician that is based solely on the claimant's subjective complaints and not supported by his other findings may be discredited. *Woolf v. Shalala*, 3 F.3d 1210, 1214 (8th Cir. 1993). Furthermore, even in his opinion that plaintiff could not work, Dr. Favazza indicated that plaintiff could return to work in three to six months, and subsequent treatment records showed that plaintiff reported having no mood swings, good spirits, okay sleep, and increased self-confidence. The ALJ had legally sufficient and factually supported reasons for discounting Dr. Favazza's opinion.

Plaintiff next argues that the records and opinion of Dr. Genovese support his claim of disability. However, this evidence is not applicable to the time period at issue. The regulations explain that an application for benefits is only effective through the date a decision is issued by an ALJ. 20 C.F.R. § 404.620. The evidence regarding Dr. Genovese (submitted only to the Appeals Council) shows that Dr. Genovese did not see plaintiff until five days before the ALJ's decision and that she rendered her opinion of plaintiff's functioning nearly one year after the date of the ALJ's decision. Therefore, Dr. Genovese's records and opinion do not relate to the relevant time period (with the exception of the single visit five days before the ALJ's decision) and cannot support a finding of disability or form the basis for remand. *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002); *see also Rehder v. Apfel*, 205 F.3d 1056, 1061 (8th Cir. 2000) (a psychologist's report completed fourteen months after the

4

relevant time period did not warrant remand). For purposes of this appeal, plaintiff's condition after the date of the ALJ's decision is no relevant. *Estes*, 275 F.3d at 725.[2]

Plaintiff also claims that Ms. Marston is a treating source and that her opinion of his functioning establishes disability. However, like Dr. Genovese's opinion, Ms. Marston's opinion of plaintiff's functioning was issued well after the date of the ALJ's decision, and likewise, is not relevant to the time period at issue. 20 C.F.R. § 404.620; *Estes*, 275 F.3d at 725. Additionally, Ms. Marston–a Masters-level clinician– is not an acceptable medical source whose opinion could form the basis of a finding of disability pursuant to 20 C.F.R. § 404.1527 (as referenced in 20 C.F.R. §§ 404.1502, 404.1513(a)).

Finally, plaintiff argues that the ALJ erred in attributing any weight to the opinion of consulting psychologist and the medical expert who testified at the hearing, Frances A. Spickerman, Ph.D. The record reflects that Dr. Spickerman's opinion was just one of many factors the ALJ considered in making the disability determination. To the extent that the ALJ afforded it greater weight than the opinion of Dr. Favazza, the Eighth Circuit has held that an ALJ may discount or even disregard the opinion of a treating physician when other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Cantrell v. Apfel*, 231 F.3d 1104, 1107 (8th Cir. 2000); *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000). As discussed *supra*, the ALJ had valid reasons for

---

[2] If plaintiff believes that his condition deteriorated after the date of the ALJ's decision and that he now meets the requirements of disability, his remedy is to file a new application. 20 C.F.R. § 404.620; *Jones v. Callahan*, 122 F.3d 1148, 1154 (8th Cir. 1997).

5

questioning the value of Dr. Favazza's opinion, while Dr. Spickerman's opinions appeared to be better supported and consistent with the record as a whole.

Furthermore, the regulations explicitly authorize the ALJ to consider the opinions of non-examining expert medical advisors regarding the nature and severity of a claimant's impairment. 20 C.F.R. § 404.1527(f)(2). In appropriate circumstances, opinions from state agency medical and psychological consultants and other program physicians and psychologists may be entitled to greater weight than the opinions of treating or examining sources. SOCIAL SECURITY RULING 96-6p. The record reflects that the medical evidence of record was not consistent, and the opinion evidence was not well-supported or well explained. It was, therefore, appropriate for the ALJ to call upon Allen Barclay, Ph.D., to offer an opinion as to what level of mental functioning was supported by the record as a whole.

In his testimony, Dr. Barclay went through the criteria for several mental impairments included in the list of presumptively disabling impairments and gave an item-by-item explanation of how the evidence of record compared with the requirements of the listing. Instead of accepting plaintiff's subjective allegations at face value, he looked for specific complaints in the record that would corroborate the alleged symptoms. For example, although plaintiff claimed to have manic episodes, the record documented no findings of hyperactivity, pressured speech, flight of ideas, inflated self-esteem, decreased need for sleep, easy distractability, or involvement in high-risk activities.

The Eighth Circuit has held that an ALJ may properly discount or even disregard the opinion of a treating physician when the consultative assessments are supported by better or more thorough medical evidence, the consulting doctor prepared more thorough reports than the treating physician, or

6

where the treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004) ("[T]he ALJ need not give controlling weight to a physician's RFC assessment that is inconsistent with other substantial evidence in the record."). *See also Cantrell*, 231 F.3d at 1107 (*quoting Prosch*, 201 F.3d at 1013).

WHEREFORE, for the reasons stated herein, the Commissioner's decision is affirmed.

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: March 22, 2006